IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WILDHABER, #45783380, | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | Civil Action No. 3:19-CV-2045-K (BH) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure

to prosecute or follow orders of the court.

I.  BACKGROUND

James Wildhaber (Petitioner), a prisoner incarcerated in the Federal Correctional Institution

(FCI) in Yazoo City, Missouri, filed a motion requesting a judicial recommendation for additional

time in a residential re-entry center that was received on August 21, 2019.  (*See* doc. 3.)  By *Notice*

*of Deficiency and Order* dated August 29, 2019, Petitioner was notified that his filing was being

construed as a challenge to his sentence under 28 U.S.C. § 2241, and that he had not paid the filing

fee or submitted a proper application to proceed *in forma pauperis* (IFP) with the required certificate

of inmate trust account for that type of case.  (*See* doc. 5.)  The notice specifically advised Petitioner

that he must either pay the filing fee or file his IFP application with the required certificate of trust

account within thirty days, and that a failure to do so could result in the dismissal of his case, and

it included a form IFP application.  *Id.*  On September 16, 2019, a *Second Notice of Deficiency and*

*Order* was issued.  (*See* doc. 7.)  It again specifically advised Petitioner that he must either pay the

---

[1]By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

filing fee or file his IFP application with the required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case, and it included a form IFP application. *Id.* More than thirty days from the date of the last order have passed, but Petitioner has not paid the filing fee or filed an IFP application with a certificate of inmate trust account.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to pay the filing fee or file an IFP application with a certificate of inmate trust account as ordered. Because he failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court.

**SIGNED this 20th day of April, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE